Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR11-5235BHS |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| DAVID DEVENNY, | |
| Defendant. | |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Nicholas W. Brown and Bruce Miyake, Assistant United States Attorneys for said District, Defendant, DAVID DEVENNY, and Defendant's attorney, James Vonasch, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. <u>The Charges</u>. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charges contained in the Indictment: Unlawfully Dealing in Firearms, as charged in Count 1, in violation of Title 18, United States Code, Section 922(a)(1); Sale of a Firearm to a Prohibited Person, as charged in Count 2, in violation of Title 18 United States Code, Section 922(d)(8); and Sale of a Firearm to a Prohibited Person, as charged in Count 3, in violation of Title 18, United States Code, Section 922(d)(1). By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering Defendant's pleas of guilty,

PLEA AGREEMENT/
(DEVENNY, CR11-5235BHS) - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. <u>Elements of the Offense</u>. The elements of the offense of Unlawfully Dealing in Firearms, as charged in Count 1, in violation of Title 18, United States Code, Section 922(a)(1), are as follows:

    a. First, Defendant was engaged in the business of dealing firearms;

    b. Second, Defendant acted willfully, in that he knew it was unlawful to deal firearms without a license; and

    c. Defendant did not have a Federal Firearms License.

The elements of Sale of a Firearm to a Prohibited Person, as charged in Count 2, in violation of Title 18, United States Code, Section 922(d)(8), are as follows:

    a. First, Defendant willfully sold a firearm to a prohibited person; and

    b. Second, Defendant knew or had reasonable cause to believe that the prohibited person was subject to a court order restraining him from harassing, stalking, and threatening an intimate partner.

The elements of Sale of a Firearm to a Prohibited Person, as charged in Count 3, in violation of Title 18, United States Code, Section 922(d)(1), are as follows:

    a. First, Defendant willfully sold a firearm to a prohibited person; and

    b. Second, Defendant knew or had reasonable cause to believe that the prohibited person had been convicted of a crime punishable by imprisonment for a term exceeding one year.

3. <u>The Penalties</u>. Defendant understands that the statutory penalties for the offense of Unlawfully Dealing in Firearms, as charged in Count 1, in violation of Title 18, United States Code, Section 922(a)(1), are as follows: imprisonment of up to five (5) years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a $100 penalty assessment.

The statutory penalties for the offense of Sale of a Firearm to a Prohibited Person, as charged in Counts 2 and 3, in violation of Title 18, United States Code, Section

PLEA AGREEMENT/
(DEVENNY, CR11-5235BHS) - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970


922(d)(8) and (d)(1), are as follows: imprisonment for up to ten (10) years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a $100 penalty assessment.

If Defendant receives a sentence of probation, the probationary period could be up to three (3) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and Defendant violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law. Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4.   **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a.  The right to plead not guilty and to persist in a plea of not guilty;

    b.  The right to a speedy and public trial before a jury of Defendant's peers;

PLEA AGREEMENT/
(DEVENNY, CR11-5235BHS) - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

  c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

  d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

  e. The right to confront and cross-examine witnesses against Defendant at trial;

  f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

5. <u>United States Sentencing Guidelines</u>. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

  a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

PLEA AGREEMENT/
(DEVENNY, CR11-5235BHS) - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

      b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

      c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

      d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6.    <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7.    <u>Statement of Facts</u>. The parties agree on the following facts. Defendant DAVID DEVENNY admits he is guilty of the charged offenses.

      a.    Defendant admits that he engaged in the business of dealing firearms, that is, he purchased, received, transported, sold, and delivered numerous firearms, without being properly licensed to do so. Defendant acted willfully, in that he knew it was unlawful to deal firearms without a license. As part of the business, Defendant would purchase and sell firearms ~~for a~~ [with intent to make a] profit, while avoiding the record keeping, reporting, and other requirements imposed on a Federal Firearms Licencee (FFL).

      b.    The primary locations at which Defendant unlawfully engaged in the business of dealing firearms were various guns shows within the Western District of Washington, where he displayed, advertised, and sold firearms from his inventory. This included attending and selling firearms at multiple gun shows between September 2006 and October 2010. Defendant also sold firearms to ~~multiple~~ people from his home in Olympia, Washington. Defendant acknowledges that he devoted time, attention, and labor to dealing in firearms as a regular course of trade or business, with the principal objective of ~~livelihood and~~ profit.

PLEA AGREEMENT/
(DEVENNY, CR11-5235BHS) - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

    c.    To acquire weapons for his inventory, Defendant would purchase firearms from various FFLs and private individuals in the area with the intent to resell the firearms to others for a profit. Defendant's acquired approximately 60 handguns, among other firearms, from various FFLs from September 2006 to March 2010, with the majority being purchased from January 2009 to March 2010.

    d.    Further, Defendant engaged in the business of dealing firearms without complying with the requirements imposed on FFLs. For example, when selling firearms at local gun shows, he did not have purchasers fill out ATF form 4473, which allows law enforcement agencies to trace the ownership of a particular firearm.

    e.    Between October 2009, and March 2010, the Defendant sold eight separate firearms during recorded and surveilled transactions. On or about February 5, 2010, while at his residence, Defendant sold one Glock .40 caliber pistol for $475.00 and a Norinco, model SKS rifle for $400.00, to an individual that he had reasonable cause to believe was subject to a court order restraining that individual from harassing, stalking, and threatening an intimate partner. On or about November 15, 2010, while at his residence, Defendant, sold one Wilkerson 9mm pistol and a Llama 9mm pistol for a total of $850.00 to an individual he knew had been convicted of a crime punishable by imprisonment for a term exceeding one year.

    f.    On November 18, 2010, law enforcement officers executed a search warrant at Defendant's residence. During the search, officers recovered approximately 32 firearms.

    g.    Defendant agrees that the foregoing factual statement is a summary, made for the sole purpose of providing the Court with a factual basis for his guilty pleas to Counts 1, 2, and 3 of the Indictment. This summary is not a complete account of all of the facts known to Defendant concerning criminal activity in which Defendant engaged; nor is it intended to be an exhaustive statement of all relevant conduct pertaining to Defendant for sentencing purposes.

PLEA AGREEMENT/
(DEVENNY, CR11-5235BHS) - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

8. <u>Proffer</u>. Defendant agrees that not later than the time of sentencing, he will meet with the government and truthfully proffer to the government all information and evidence he has concerning the offenses to which the Defendant is pleading guilty or concerning offenses that were part of that common scheme or plan. The parties agree that information provided by Defendant in connection with this Plea Agreement shall not be used to determine Defendant's sentence, except to the extent described in USSG § 1B1.8.

9. <u>Sentencing Recommendation</u>. The United States agrees to make a recommendation within the applicable sentencing guideline range as calculated by the Court. The government is free to make any argument it deems appropriate regarding other portions of defendant's sentence, including the term of supervised release, fines, and restitution. Defendant is free to recommend any sentence. Defendant understands that neither the Court nor the probation office are bound to follow the parties' recommendations regarding sentencing, and that the Court is free to impose any sentence up to and including the statutory maximum. If the Court rejects the parties respective recommendations, Defendant understands that this will not be a basis to withdraw his plea of guilty or from this plea agreement.

10. <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

11. <u>Acceptance of Responsibility</u>. The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG

PLEA AGREEMENT/
(DEVENNY, CR11-5235BHS) - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 § 3E1.1(a), and Defendant's total offense level is greater than sixteen (16), Defendant's
2 total offense level should be decreased by three (3) levels pursuant to USSG §§ 3E1.1(a)
3 and (b), because Defendant has assisted the United States by timely notifying the
4 authorities of Defendant's intention to plead guilty, thereby permitting the United States to
5 avoid preparing for trial and permitting the Court to allocate its resources efficiently.

6     12.   <u>Forfeiture</u>. Pursuant to Title 18, United States Code, Section 924(d) and
7 Title 28 United States Code, Section 2461(c), Defendant agrees to forfeit all of his right,
8 title, and interest in all firearms and ammunition involved in the commission of Counts 1,
9 2, and 3; and to United States currency in the amount of $12,850.00, including:

10     a.   All firearms and ammunition acquired, possessed, and distributed
11 during the commission of the offenses; and,

12     b.   All firearms, ammunition, and $12,850.00 of United States currency
13 which were seized from the Defendant's residence on or about November 19, 2010.

14     Defendant agrees to fully assist the United States in the forfeiture of the listed
15 assets and to take whatever steps are necessary to pass clear title to the United States,
16 including but not limited to: surrendering title and executing any documents necessary to
17 effectuate such forfeiture; assisting in bringing any assets located outside the United States
18 within the jurisdiction of the United States; and taking whatever steps are necessary to
19 ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise
20 made unavailable for forfeiture. Defendant agrees not to file a claim to any of the listed
21 property in any civil forfeiture proceeding, administrative or judicial, which may be
22 initiated.

23     The United States reserves its right to proceed against any remaining assets not
24 identified in this Plea Agreement, including any property in which Defendant has any
25 interest or control, if said assets, real or personal, constitute or are derived from proceeds
26 traceable to the commission of the offense, as set forth in Counts 1, 2, and 3 of the
27 Indictment.

28

PLEA AGREEMENT/
(DEVENNY, CR11-5235BHS) - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

13. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the reinstitution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of Defendant's conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration. Such a sentence could include a sentencing enhancement under the United States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines range.

14. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

15. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

PLEA AGREEMENT/
(DEVENNY, CR11-5235BHS) - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

16. <u>Completeness of Agreement</u>. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 17th day of October, 2011.

_____
DAVID DEVENNY
Defendant

_____
JAMES VONASCH
Attorney for Defendant

_____
ROBERT WESTINGHOUSE
Assistant United States Attorney

_____
BRUCE MIYAKE
Assistant United States Attorneys

PLEA AGREEMENT/
(DEVENNY, CR11-5235BHS) - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970